UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MIDWEST ENERGY EMISSIONS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>AMEREN CORP., and UNION ELECTRIC CO., (d/b/a AMEREN MISSOURI)<br><br>Defendants. | ) | No. 4:24 CV 980 CDP |

**ORDER SETTING RULE 16 CONFERENCE**

After this case was returned to this Court by the Judicial Panel on Multidistrict Litigation, the parties provided a status report and a joint designation of the contents of the record. The report indicated that significant pretrial matters remain to be resolved. Accordingly,

**IT IS HEREBY ORDERED** that:

1. **Scheduling Conference:** The Scheduling Conference pursuant to Fed.R.Civ.P. 16 is set for **Thursday, November 19, 2026, at 11:00 a.m.** The conference will be held via **audio** on **Zoom.gov**. Counsel are directed to join the audio only conference by dialing: **1-669-254-5252**, then enter the Meeting ID: **160 670 3965.** Pursuant to Local Rule 13.02, all means of photographing, recording,

broadcasting, and televising are prohibited in any courtroom, and in areas adjacent to any courtroom, except when authorized by the presiding judge. This includes proceedings ordered by the Court to be conducted by phone or video. At the scheduling conference counsel will be expected to discuss in detail all matters covered by Fed.R.Civ.P. 16, as well as all matters set forth in their joint proposed scheduling plan described in paragraph 3, and a firm and realistic trial setting will be established at or shortly after the conference.

2. **Meeting of Counsel:** Prior to the date for submission of the joint proposed scheduling plan set forth in paragraph 3 below, counsel for the parties shall meet to discuss the following:

- the nature and basis of the parties' claims and defenses,
- the possibilities for a prompt settlement or resolution of the case,
- the formulation of a discovery plan,
- any issues relating to preserving discoverable information,
- any issues relating to disclosure or discovery of electronically stored information, including:

(i) the form or forms in which it should be produced,

(ii) the topics for such discovery and the time period for which such discovery will be sought,

(iii) the various sources of such information within a party's control that should be searched for electronically stored information, and

(iv) whether the information is reasonably accessible to the party that has it, in terms of the burden and cost of retrieving and reviewing the information,

- any issues relating to claims of privilege or of protection as trial-preparation material, including - if the parties agree on a procedure to assert such claims after production - whether to ask the Court to include their agreement in an order, and
- other topics listed below or in Fed.R.Civ.P. 16 and 26(f).
- all topics discussed in Local Patent Rule 2-1.

Counsel will be asked to report orally on the matters discussed at this meeting when they appear before the undersigned for the scheduling conference, and will specifically be asked to report on the potential for settlement; whether settlement demands or offers have been exchanged, without revealing the content of any offers or demands; and, suitability for Alternative Dispute Resolution. This meeting is expected to result in the parties' reaching agreement on the form and content of a joint proposed scheduling plan as described in paragraph 3 below.

Only <u>one</u> proposed scheduling plan may be submitted in any case, and it must

be signed by counsel for all parties. It will be the responsibility of counsel for the plaintiff to actually submit the joint proposed scheduling plan to the Court. If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute at or shortly after the scheduling conference.

3. **Joint Proposed Scheduling Plan:** No later than **November 12, 2026**, counsel shall file with the Clerk of the Court a joint proposed scheduling plan. **The parties' joint proposed scheduling plan shall include:**

(a) whether the Track Assignment is appropriate; **NOTE: This case has been assigned to Preliminary Track 3: (Complex).**[1]

(b) whether any amendment to the pleadings is expected, and if so, dates for such amendments;

(c) a plan for all discovery that remains to be completed, including, if applicable:

(i) any agreed-upon provisions for disclosure or discovery of electronically stored information,

(ii) any agreements the parties reach for asserting claims of privilege

[1] Because the case has been pending in an MDL, the normal time limits for Track 3 cases do not apply.

or of protection as trial-preparation material after production,

(iii) a date or dates by which the parties will disclose information and exchange documents pursuant to Fed.R.Civ.P. 26(a)(1),

(iv) whether discovery should be conducted in phases or limited to certain issues,

(v) dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case,

(vi) whether the presumptive limits of ten (10) depositions per side as set forth in Fed.R.Civ.P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed.R.Civ.P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules,

(vii) whether any physical or mental examinations of parties will be requested pursuant to Fed.R.Civ.P. 35, and if so, by what date that request will be made and the date the examination will be completed,

(viii) a date by which all discovery will be completed;

(ix) any other matters pertinent to the completion of discovery in this

case,

(d) the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive;

(e) dates for filing any motions to dismiss or motions for summary judgment;

(f) the earliest date by which this case should reasonably be expected to be ready for trial;

(g) an estimate of the length of time expected to try the case to verdict; and

(h) any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan.

4. **Disclosure of Corporate Interests:** All non-governmental corporate parties are reminded to comply with Disclosure of Corporate Interests by filing a Certificate of Interest with the Court pursuant to E.D.Mo. L.R. 2.09.

5. **Pro Se Parties:** If any party appears in this action pro se, such party shall meet with all other parties or counsel, participate in the preparation and filing of a joint proposed scheduling plan, and appear for the scheduling conference, all in the same manner as otherwise required by this order.

6. **Patent Case Procedures.**

**In addition, pursuant to Local Patent Rule 2-1, when the parties confer pursuant to Fed. R. Civ. P. 26(f), they must also discuss and address the following topics in the Joint Proposed Scheduling Plan filed pursuant to Fed. R. Civ. P. 26(f). To the extent the parties do not agree, they should include the positions of each side.**

(a) Any proposed modification of the deadlines provided for in the Local Patent Rules, and the effect of any such modification on the date and time of any claim construction hearing;

(b) Whether the Court will hold a claim construction hearing and, if so, whether it will receive live testimony, deposition testimony, or other evidence at the hearing;

(c) If applicable, the scheduling of any claim construction prehearing conference to be held after the Joint Claim Construction Chart and Joint Prehearing Statement provided for in Local Patent R. 4-3 has been filed;

(d) The need for and any specific limits on discovery relating to claim construction, including depositions of fact witnesses and expert witnesses;

(e) Whether discovery should be conducted in stages, for example, whether only claim construction discovery should be taken before the Court's Claim Construction Ruling or whether discovery should otherwise be limited prior to such a

ruling;

(f) Whether the parties should provide a tutorial to the Court concerning the technology at issue, including whether any such tutorial should be provided before any claim construction hearing; and

(g) The content of any protective order that should govern the case, including whether the Court's Form Protective Order (Appendix A) should be adopted in whole or in part; and what, if any, disputes exist regarding the final content of any such protective order.

The parties' joint proposed scheduling plan must include proposed dates for all applicable deadlines set out in the Eastern District of Missouri Local Patent Rules.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2025.